Here ye, here ye. This Honorable Appellate Court for the 2nd Judicial District is now back in session. The Honorable Eric E. McClaren presiding. Please be seated. Your Honor, the second case in the dock is Williams 2-23-0026. Darius King claims to be part of the El Paraiso Del Pacifico Corporation. The El Paraiso Del Pacifico Corporation, who in business has a carat El Paraiso, is then into custody. PAA Properties LLC holds the corporation's defense. Arguing on behalf of the attorney is Elizabeth Bartolucci. Arguing on behalf of the attorney is Mr. Daniel I. Patterson. Thank you. Ms. Bartolucci, you may proceed. Thank you, Your Honor. May it please the Court, Counsel. I am Elizabeth Bartolucci, representing the plaintiff, Darius King. Your Honors, the issue here is whether the injury that occurred is the type that defendant Appellate El Paraiso could have reasonably foreseen as a likely result of its allowing cars to park within feet of its glass storefront, pointing directly into the storefront, and without providing any protections. Does that defendant have any control over the parking lot? Yes, it does, Your Honor. How? It is not disputed that it has access to and the right to use the entire property. But control over it? Yes. I believe the lease provides that type of control. Could they change the way the cars are parked? Yes, they could. The lease allows them to make modifications and perform construction to operate the facility as a restaurant. In any way, it seems it deems necessary to do that. And that includes the parking lot? Yes, and we have not disputed that. So while they came to the property as a tenant, its existing condition presented a clear danger to occupants inside the store, and they did nothing to remedy that. So procedurally, I think it's important to recall that defendant moved for summary judgment before the close of discovery here, several months before discovery had even closed. And it was clearly their burden of persuasion to prove that this injury was unforeseeable as a matter of law. It was not plaintiff's burden in opposing summary judgment to prove that the incident was foreseeable. It can't be unforeseeable based upon Marshall v. Burger King. Exactly. Because this is Mexican food instead of American hamburgers? Your Honor, I agree that there is obviously a definite connection between the foreseeability element that's required in order to find a duty and the foreseeability element that's required to establish proximate cause. The Marshall case did caution that you can't equate them. They're not 100% the same foreseeability issue, but it's very accurate to say that foreseeability that's necessary to find a duty here, which the court found there was a duty under Marshall, and defendant does not dispute that finding on appeal. So the foreseeability element was present in order for the court to find a duty was owed by the restaurant to its patrons. And the next logical step is what would a breach of that duty foreseeably result in? And we say here by doing nothing to protect its patrons. This isn't even a question of whether defendant did enough. Defendant did nothing to protect its patrons from the possibility that a vehicle pulling directly into a parking space in front of their glass storefront could accidentally continue on and drive into the restaurant. Does it matter that the restaurant front, the sidewalk, the parking lot was in conformance with I think it was Waukegan's code? No, Your Honor. We don't believe that matters. Compliance with ordinances and regulations is not dispositive of negligence. That is a jury question. And whether the defendant breached the duty of care that it owed is, again, a breach question that has to go to a jury. It is not sufficient to establish compliance with local ordinances. That is not dispositive on the question of whether defendant was negligent. And the clear reason for that is governments can't regulate everything. They can't regulate every aspect of commercial life, of human interactions. And the reasons they may choose or not choose to prohibit parking in situations like this aren't known to us. There are a plethora of reasons that could exist. But the absence of regulations, their direct standpoint is not dispositive. And the compliance with the ordinance defendant has raised is not dispositive because, as we've discussed, that ordinance is not intended to prevent vehicles from crossing over wheel stops and entering pedestrian areas. So it's some evidence but not dispositive. Correct, Your Honor. Well, actually, we would disagree that it's evidence of compliance with its duty because those wheel stops, as the statute indicates, are not intended to stop moving vehicles. Their purpose is to guide a parking vehicle as to when it must stop and park. It's not intended to or capable of, as we saw in this case, stopping a moving vehicle. It's a guide for parkers as to the fact that they should not proceed any farther because then the nose of their car will infringe on the sidewalk. So in the references in the ordinance itself talk about parked vehicles. So it's a guideline for parked vehicles. It's not a protective measure. But it's not dispositive. No, Your Honor, because the ordinance is not intended to stop vehicles from incurring incursions into restaurants. It's a parking guide. And its primary intent actually is to prevent tripping hazards to pedestrians walking across areas beyond those wheel stops. It is not intended to stop moving vehicles. So we think it's not evidence that's relevant here because it's simply not the purpose of the ordinance. So, again, defendant's burden on summary judgment was to prove as a matter of law that this accident was unforeseeable. Again, it wasn't the plaintiff's burden to prove that it was foreseeable. And in order to establish that, the only evidence defendant submitted was the plaintiff's deposition testimony about how the accident occurred, photographs of the accident scene, and the police report. So taken together, all that evidence tells us is how this accident happened. So necessarily, the defendant's argument is because of the manner in which this accident happened, it was unforeseeable. But we have case law that tells us, Marshall being a prime example, the Ray versus Cock Robin being another example, that vehicles do drive into restaurants on occasion and that this accident was foreseeable. And the facts here are such that a jury, a reasonable jury, looking at the photographs of the layout, the proximity of the parking spots to the bus storefront, could use their own life experiences and acknowledge that, yes, I could foresee that a car could accidentally drive into this restaurant. It's not out of the realm of possibility. And that is what the standard is. Could any reasonable juror differ? The reasonable minds of jurors differ on the inferences to be drawn from this evidence. And the only evidence defendant has is substantiating how this accident occurred. So if the manner in which this accident occurred is foreseeable or any reasonable jury could find that it was foreseeable, summary judgment is not appropriate. The intervening cause defense that defendant has raised is only applicable if the subsequent act of a third party completely cuts off the negligence of the other party because it was entirely unforeseeable. And the doctrines that have developed around proximate cause tell us that a party's liability is limited to those types of injuries that are reasonably related to the wrongdoer's conduct. So here is El Paro Aiso's negligence in allowing parking directly facing into the restaurant and then not setting up any protective barriers to protect patrons reasonably related to the accident that occurred. That's truly the simple way of putting this intervening cause question. Was its negligence and how it allowed its parking lot and restaurant to be configured reasonably related to the accident that occurred? And I would submit to you it is. And that makes this case distinguishable from many cases where the deviations that occurred from the ordinary course of travel were so extreme and not readily anticipated. For instance, there's a case involving an Aldi store where a driver drives in through a glass front window of an Aldi store. She had a syncope episode and blacked out. She had an episode of syncope from a heart condition and blacked out. So she had no control over her driving, and the court found that to be an unforeseeable event. But here, there's no evidence. Why does it matter why the person drove through the glass window with no barrier, just that they did? Because it impacts the foreseeability of the event. But isn't the foreseeability that someone would drive through the front window, not whether it's because I hit the accelerator or because I blacked out or because my child distracted me, the dog jumped on my lap? Why does it matter what caused it? Isn't the foreseeability whether or not the car, a car, could be driven through? I mean, I'm not talking about an intentional, you know, where somebody's got a bomb in it and they're trying to setting that aside. But a negligent act, why does it matter what causes the driver to do it? Well, Your Honor, I think that's reflected in the fact that there are so many cases on this issue, on the proximate cause issue. It's a very, it's an objective determination, foreseeability, but it's a very context-dependent determination, as courts have held. So the context of the accident and what caused the driver to enter the building do come into play, just simply because of the nature of the fact-intensive inquiry that a jury or a court has to perform. They have to look at the totality of the circumstances and decide whether this incident was foreseeable, including in the manner in which it happened or what caused it to happen this way. So a jury is entitled to look at the real-world experiences of themselves and ask, is it more foreseeable or not that someone will black out and lose control of their vehicle and drive into a building, or that a driver, knowingly pulling into a parking spot, will apply the gas accidentally instead of the brakes? Have I ever applied the gas instead of the brakes, a juror could ask himself. Have I ever blacked out? Probably not as likely. So the extent of the deviation is relevant, but often the cases indicate the cause of the deviation is important. For instance, cases involving intoxicated drivers or intentional acts by parties. So the cause of the negligent driving is a factor that courts consider, and we argue here that because the deviation, the Sanders deviation, from the ordinary course of travel was not extreme, it was much more foreseeable than many of the instances of conduct that courts have found to be foreseeable. The Thompson case indicates the more extreme the deviation, the less foreseeable it is. Here we have a very, excuse me, a deviation that was very easy to anticipate. I mean, anybody walking to a facility, a restaurant, a gas station that sees how close parking spots are to the glass front entrance will note to themselves, hmm, that's a little bit dangerous. A car could drive into this facility. I think a reasonable juror could think that way. And the event here was not extreme whatsoever. It was a very honest accidental error in applying the gas rather than the brakes. Counsel, what about the defense argument concerning the, and the trial court relied on this as well, that there was a lack of evidentiary support that the barriers, et cetera, would have prevented the accident in the first place? Right. Thank you, Your Honor. So I do understand that one element, one piece of evidence that could be presented would be expert evidence on bollards, for instance, which is one device plaintiff raised, and how effective they are in preventing vehicles from entering restaurants. But we also cite to several other preventative measures that don't require expert evidence and that don't require anything other than a jury's determination as to what could have lessened the risk to patrons here. And one of them is simply, I mean, as you hopefully have seen from the photograph, there were quite a lot of parking spaces available at this property. And the restaurant could have done two things. It could have just not allowed parking directly in front of its glass storefront, or it could have oriented the spots parallel to the restaurant instead of perpendicular. Your position is under the lease, the restaurant had absolute authority to block these off? Yes, Your Honor. Okay. That is our understanding, and it hasn't been contested, that they could have taken steps to, they could have performed construction, anything it felt necessary to operate the facility as a restaurant. So that's a simple fix that if the spots had been parallel to the property. It's a simple fix only because this person admitted that she was trying to park there. Well, those are the facts that are presented. It wouldn't be a simple fix if it was a parallel parking setup, and the person came again at 90 degrees to the sidewalk or the curb. And the reason why that happened was because they were cutting across the parking lot, and for some reason either the flat tire caused the car to lurch, or they were on ice and it made them slide headlong into the front door. You're making arguments that I think are fact specific, as opposed to the general concept that the invitees are supposed to be protected, and be protected from cars invading the inside of a restaurant because of the fact that it happens. And I was going to ask, I decided not to, but I'll ask it now. How many terrorists driving into a Wendy's or some other restaurant does it take before it becomes foreseeable? Right, and Your Honor, that's why the distinction between negligence and intentional and criminal conduct can become relevant. But here we are dealing with the lowest form of culpability. We are dealing with true accident, true negligence, which is much more foreseeable than a terrorist act. It is more foreseeable than somebody losing consciousness and losing complete control of their vehicle. You're right. It could be in another case, and that's why summary judgment is so inappropriate here, because it could be a sliding scale. It could be, you know, that's what the jury has to decide. What is foreseeable? What is reasonably within the defendant's duty to prevent? Whether or not it's a material issue of fact, and that is dependent on the facts. And your argument is well taken insofar as the particular facts, but I believe Justice Jorgensen was asking you questions about more the abstract nature of the concept of keeping your customers from being run over by errant vehicles. Is that a foreseeability or isn't it? If I may continue, Your Honor. Yes, I think that the cases are so fact dependent because you can't extend the burden unreasonably. You cannot extend the burden on defendants unreasonably. And defendants have argued, you know, if you were to accept the plaintiff's position, that would mean it had a duty to make its restaurant impenetrable to vehicles. And that's not what we're saying the scope of the duty is. And that's why this bleeds into the breach issue, which is not up before this court. Breach is a clear quintessential jury question. And that is what will allow a jury to decide how far does the defendant's duty extend? What would have been reasonable steps to protect the customers? It's not expected likely to prevent terrorists from ramming into a restaurant. But it could be that a reasonable jury could find that the duty extends to putting something to try to block vehicles from entering the restaurant or taking the opportunity away from drivers altogether by not allowing parking directly in front of the restaurant. Any other questions? Thank you. You'll have an opportunity to make rebuttals. Mr. Babich. Good morning. May it please the court, counsel. My name is Daniel Babich. I represent the appellee here, Al Parizo. The easiest way to resolve and understand this case is simply to say there's no showing of cause in fact. Approximate cause is a two-prong element, two-prong determination. Cause in fact and then legal cause, which is based on foreseeability. Cause in fact means is there something about this parking lot that made this accident happen? Now, if you look at all the cases, and there's so many of them on this issue, what you see is there's some evidence of code violations, some evidence of ordinance violation, some evidence of statutory violation, or some evidence that this kind of thing had happened before. There's cases in the record about other accidents. There's the Lee versus CTA case. There's evidence of that. Or there's an expert that says, you know, in my opinion, this parking lot was defective or dangerous. There's cases involving active processes where there's construction going on in the parking lot. Something is different. Something has changed. Here, it's true, we have the initial burden of summary judgment to bring forth evidence to show that we're entitled to it. But then they have to come forward with something. In all of these cases, and there's so many of them, and I'm happy to go through them. Maybe you don't want me to. But what you find when you look at these cases is that either there was a code violation or prior accidents or an expert, something to indicate that the condition of the parking lot was a cause in fact of the accident. And only once the cause in fact is reached do you then get to legal cause, which is foreseeability, which is all the stuff that counsel was discussing in her brief. But in this case, we don't really reach legal cause or foreseeability. The Marshall case. What was Marshall v. Burger King all about? Yeah. Marshall v. Burger King was, first of all, a 2615 pleading motion. And all the court there, first of all, the court there didn't consider proximate cause at all. It wasn't part of the case. And all Marshall said was generally in these sorts of circumstances, the home, the landowner, the owner of the parking lot can owe a duty. Marshall didn't say anything about breach. And it didn't say anything about cause in fact. And it didn't say anything about proximate cause. Here, Judge Ortiz found a duty under Marshall. He didn't say anything about breach. But he said that there was no proximate cause. And if you look at Judge Ortiz's, I don't need to look at it. You said it was a 615 motion? Marshall v. Burger King was. So that's failure to state a cause of accident. It's a pleading motion is what it was. And exactly. And so what they said was, well, under the complaint. Isn't one of the elements to prove a cause of action is damages proximately caused? And if that's the case, then why didn't Marshall come out differently? Damages from proximate cause. Well, Marshall was just determining, just made the determination that under the complaint, it could state a duty. Maybe I don't understand your question, Your Honor. I'm sorry. Duty, breach of duty, damages proximately caused. If Marshall gave the plaintiff the opportunity to proceed on its complaint, then all three elements had to have been properly alleged. And therefore, Marshall stands to the proposition, I believe, that if you drive a car into a fast food restaurant, or any other restaurant for that matter, and you cause damage to a patron, then the restaurant can be liable if you establish damages proximately caused. Now, if they didn't state a cause of action, I think it would probably have been lack of proximate cause. Because if it were duty, breach of duty, then it would be a totally different argument relating to foreseeability and so on. But it wouldn't relate to the fact that if you stated a duty, that invitees are supposed to be protected by reasonable exercise of thought or safety. And if they decided that failing to do anything was a breach of that duty because these people weren't protected, then it falls at the third state, which is damages proximately caused. And I don't know how you can address what you're arguing unless these people weren't hit by the car. They ran into the wall and were injured themselves. So if the car hit this individual, then I think that you probably could establish damages proximately caused. If I can respond, I'm looking at my notes on Marshall here, and I have the case. Marshall specifically stated that the Illinois Supreme Court stated that recognizing the duty of reasonable care is not the same as concluding the duty has been breached, nor is it the same as concluding the breach was the proximate cause. In short, merely concluding the duty of five does not constitute an automatic broad-based declaration of negligence liability. So you stand in front of the judge? My apologies. Sorry, I tend to do that. So Marshall simply stands for the proposition that there can be a legal duty. It doesn't stand for the proposition that there is a breach and proximate cause was not addressed at all. So Marshall gives them duty, I admit. It doesn't give them breach. It doesn't give them cause in fact, and it doesn't give them legal cause because none of those things were discussed by the Supreme Court. And the Supreme Court was very careful to indicate in its decision that all they're doing is deciding that, yeah, there can be a duty. Because you can imagine before Marshall, somebody might say, well, you know, we didn't owe a duty at all with regard to our parking lot. So it just stops right there.  But Marshall doesn't talk about a breach and Marshall doesn't talk about proximate cause. And here, when you look at all these cases, they all showed the Simmons case is maybe the best one here because it's very similar. Very similar. This is the one counsel is discussing where the woman, the driver, lost consciousness and accelerated. And in that case, it was argued. It was argued that, you know, perpendicular spaces were a problem. Why didn't they allow parallel parking instead? Why didn't they, you know, have the layout different or whatever? And the court said, you know, without an expert, without an expert, you can't say that. And the Simmons court said, for example, if they had parked, let's say, I don't know, 15 feet away from the restaurant and she lost, she accelerated, well, it still might have happened. They have to show cause and fact here. And without any violation of a code or an expert or the testimony of Ms. Sanders, for example, might have helped them. They never took her deposition. The testimony of a police officer, evidence that this kind of thing had happened at this restaurant before. Again, this is just a benign, static parking lot. There's nothing about it that, and they haven't shown anything. Again, I agree with you, Your Honor. Marshall gives them duty. It doesn't give them breach. It doesn't give them proximate cause, which was not addressed. So really the easiest way to decide this case, and I think Judge Ortiz kind of, if you look at his ruling, he basically decided there's no cause and fact here. They haven't shown cause and fact. And the way he writes the decision, it's like, well, that in and of itself defeats plaintiff's claim. And then he goes on to discuss the Al Flair case because he's addressing foreseeability. I don't believe we reach foreseeability here, but I'm happy to discuss it and prepared to discuss it. Foreseeability for purposes of proximate cause is interesting, and it's a case that you, Judge Jorgensen, decided only a few years ago, the Bretman case. And it's a very interesting case. And what happened there was there, first of all, there was evidence of a violation of a code. The issue there was whether temporary traffic signals were high enough or low enough. I can't remember. And the court found, well, there was evidence that the motorist wasn't able to see as well, didn't have the information at the time he needed it, and thus ran the red light. So you see, in Bretman, this case, this court found that, okay, there's a nexus between the alleged wrongful act and the second wrongful act. I might add that here there's no evidence of a wrongful act at all on our parking lot. There's no code violations. There's no expert saying it was defective. But even if, just because we're talking approximate cause, in Bretman, this court found, well, you know, yeah, we can say that the error, the breach or whatever, of having those traffic signals too high or too low caused the second negligent act of running the red light. But what I found most interesting about Bretman was the discussion this court had about Gallman. And it really, really speaks to the approximate cause issue very clearly. As we all know, in Gallman, the truck was illegally parked. There's no dispute about that. Unlike our parking lot, which didn't violate any code, and they have no expert to say otherwise, it's undisputed that in Gallman, the truck was parked illegally in violation of the law on the street. And the Supreme Court in Gallman said, well, you know, and we think it's a cause in fact too, because if the truck hadn't been parked there, then the pedestrian would have been able to see better and would have been seen. But the court said not the approximate cause because there's nothing about the truck being parked there that caused the plaintiff to jaywalk. But then in Bretman, this court distinguishes Gallman from another case where just like Gallman, a car was illegally parked, just like Gallman, illegally parked in violation of the law. However, in that case that was discussed in Bretman by Judge Jorgensen, the car was parked in the crosswalk. It was parked in the crosswalk, thus causing or contributing to cause the plaintiff to step out of the crosswalk into the street. So you can see there has to be a nexus between the initial negligent act, which we would say isn't even present here, and the subsequent negligent act. Now, and that's only if they show cause in fact, which I don't think they've shown here. There's no expert, no breach of any kind of statutory code or violation or anything like that. All they have is just a static parking lot. We have a duty, we agree, no evidence of breach. How does an ordinance establish proximate cause? An ordinance establishes proximate cause by showing that there's some defect in the initial condition, in this case the parking lot or the traffic signals. Something has to, there has to be some negligent act. Otherwise, the proximate cause. So, and I've got to hang up with this because I used to represent a municipality. So I have some idea of what ordinances are all about. And not all ordinances are necessarily related to human safety. And to make it a sine qua non, I think is faulty logic. Because there were, for many years, many things that were considered negligent for which there was no ordinance to prohibit or to regulate, et cetera, et cetera. They're used when they are enacted, but the absence of an ordinance doesn't necessarily prove anything. Insofar as a cause of action and tort is concerned. I mean, that is true, which is why if you look at these cases, it's not just ordinance. There isn't a case here that stands for the proposition, for example, no expert, no proximate cause. No violation of an ordinance, no proximate cause. It is a fact-specific analysis as counsel indicated. But here it's really easy because there's nothing. There's no violation of an ordinance or a code. There's no expert. There's no testimony or evidence related to the driver, Ms. Sanders. Why did she do what she did? Was she confused by the parking lot? Was there something about the parking lot, like in Bretman, that caused the secondary act? Is there evidence here of prior problems with this parking lot as there was in the Ray v. Cockrobin case where there was evidence of prior deviations from the path? Something, you know, they don't have to prove their case in summary judgment. They have to come forward with something to show proximate cause. And here there was nothing. And Judge Ortiz, his analysis is completely correct. Really there's no cause in fact. And when you look at the Elflair case, which is another case, all these cases essentially say the same kind of thing. In Elflair, the median height was too low in violation of either an ordinance or a code or perhaps an expert, I can't remember, said it was too low. You're talking about stoplights? I'm talking about in Elflair the center median. Where did I say stoplights? The center median. The median is what I was trying to say. The median was too low. I apologize. The median was too low. If I could just finish real quick. Yeah. The median was too low, but the court said, you know, there's nothing about the median being too low that caused the reckless driving. And that's what Judge Ortiz says in his order. And it's also what the court said in Elflair. There's nothing about the first negligent act, if it was negligent, and the secondary negligent act. All these cases involve two allegedly negligent acts, and whether the second is foreseeable from the first. I know my time is up. I'm going to say there's no evidence of cause in fact here. We ask that the judge review it. I just have one question. You distinguished Ray discussed in the Marshall case. But what about Marquardt, where the court found a question of fact? Marquardt, I don't know that one. I'm sorry. All right. That's why I asked. It was discussed in Marshall alongside Ray. Again, Marshall discussing duty, but they cite it as support for the discussion. But it's in the context of proximate cause, and the Marquardt court found a question of fact. Well, in Ray there was evidence of prior problems at that intersection. Understood. Any other questions? Happy to. Yes, sir. Okay. Thanks very much, all of you. Ms. Bartolucci, you may proceed with your vote. Thank you, Your Honor. Justice Kennedy, I did review the Marquardt case, and I do agree that it is on point here. I also want to point out that the argument regarding no cause of fact having been shown has not truly been made in the briefing, and I don't believe that was the basis of the judge's holding below. His holding was that the condition of the parking lot or the arrangement of the parking lot simply created a condition that allowed the negligent driving to occur. So he based his decision on the condition versus cause distinction, and then he felt that the driver's brake error broke the causal connection. How could driving through a wall be a condition? Well, the condition that the – Because if it's just a condition, then why wouldn't the driver be immune from liability? Right. I think what Judge Ortiz was saying is that the condition of the parking lot, which we're saying was dangerous, unreasonably dangerous, only created a condition but then allowed the negligent driving to occur. So he was – Approximately caused were lacking in merit. Yes. He adopted the condition versus cause. What about the – Did he determine that the approximate cause of the damages was the driver, or did he determine that her driving was a condition? He did not describe her driving as a condition. He described the parking lot set up as a condition that allowed her negligent driving to occur. He didn't – I don't believe he went so far as to say her driving was the sole approximate cause of the accident, but that was the import of his ruling. So we think, you know, as we discussed in our brief, the condition versus cause analysis has been slowly, I won't say rejected, but courts are moving away from that, and they say this is, again, the legal cause element of approximate cause, and that the true issue is foreseeability, whether the accident was foreseeable. I don't believe any determination was made by Judge Ortiz that the condition of this parking lot was not a cause in fact of the accident. And what is – Which, if any, of cause in fact and legal cause are questions of law as opposed to questions of fact? Both, in my opinion, are questions of law because – I'm sorry. Take that back. Both are questions of fact because legal cause literally asks the jury to decide what caused this accident to occur. Was the defendant's negligence a material or substantial factor in leading to the injury that occurred? Is there any case law that says in cases such as this that but for there wouldn't have been liability or there would have been liability? Yes. Some of the cause discussions talk about but for the defendant's improper arrangement, say, of their parking lot. So but for no followers, this accident wouldn't have happened? I think it would be more phrased as but for the arrangement of the parking as it existed, this accident wouldn't have happened. Correct. So that goes to the cause in fact element. And I don't believe counsel really disputed that in the briefing or in the circuit court, and I don't believe the judge found that this condition of this parking lot did not cause, in fact, the accident to happen. What he really focused on was the legal cause element and whether this accident was foreseeable. And in the judge's opinion, the negligent driving of Ms. Sanders was not foreseeable. I want to just point out that I don't know if the court had the opportunity to see this, but yesterday we filed a motion for leave to cite additional authority in support of our position in this case. It was a February 8 decision that just came down from the First District Appellate Court, which deals with very similar issues. I don't know if you had the opportunity to do it. I don't think I want argument now because you raised this early on so that counsel could, opposing counsel could have responded. But since you're raising this in your rebuttal, I think it's inappropriate. We will rule on your motion. Okay. Understood, and I apologize for the lateness. If opposing counsel wants to file a reply or whatever, he may do so. Okay. Thank you, Your Honor. Counsel, if I can ask a question that actually I believe it is contained in that case as well, but it's been raised by the defense, which is absence a code violation or expert testimony. What is it about these facts that you think is sufficient for a jury to find cause in fact? Your Honor, I think that the very basic photographic evidence here as to how this parking lot was laid out and how close the parking spots were to the front entrance of the store, and this is in contrast with the parking lot in the Simmons v. Aldi case where there were only ten parking spots total, eight of which faced directly into the store and two were across the parking lot along the roadside. Here, there were four parking areas of this parking lot. You'll see from the aerial photograph of the property, it was a large lot, and there were four different parking areas. So we think that a jury, a reasonable jury, should be allowed to look at that layout and the photographs of how close these six parking spots were located to the front entrance of the store and decide whether that was a dangerous condition that the defendant should have taken steps to protect its patrons from. And I agree with comments by Judge McLaren that the absence of a code or ordinance is not dispositive on the issue of negligence. It's almost a more rare occurrence when there is an ordinance directly on point. In my experience, and possibly the court's, it's almost more unusual for there to be a very specific regulation that's in existence and that's been breached. It does, of course, occur, but it's certainly not required to prove negligence. So I don't feel that the absence of an ordinance on this is dispositive in any way. A jury can look at the very simple facts of this case without the need for expert testimony and say, does this parking lot look dangerous? We know the owner and the occupier had a legal duty to protect its patrons from vehicular incidents. Did it breach that duty by doing nothing to protect them? And if so, did that result in these injuries? And here I think this case is very distinct from, and there are cases actually, counsel talked about a static situation versus active construction sites, but there are cases that say the placement of cones, for example, could be negligence that combined with the negligent driver's later negligence approximately causes an accident. That's the Jefferson v. City of Chicago case. There were cones placed. The person who placed them made them long gone, but they were in place, and vehicles had to maneuver around them, and that was deemed to be a, well, there was at least a fact question about whether that was a contributing factor in a driver then pulling too close to a column and severing the plaintiff's arm, which was hanging out of the vehicle's window. So the fact that something's happened and been done by another party and is allegedly static is not dispositive, but here under the Dunkevage case we discussed the negligence of the restaurant was ongoing until something was done to make that parking lot safer. The parties were not at rest, and their negligence was ongoing, and then the negligent driving of the driver contributed with that poorly laid out parking lot to lead to the very foreseeable accident. Did I hear the timer? Oh, I apologize. Thank you. We'll take the case under advisement. We're going to take a recess. We have another case on call.